440 So.2d 1300 (1983)
ALICE P., Susan A., Jeanette R., Barbara D., Cathleen O., Doreen F., Helen M., Ilene T., Janet T., Margaret Y., Nancy J., Judy R., and Two Unnamed Mothers, Appellants,
v.
MIAMI DAILY NEWS, INC., d/b/a The Miami News, and Thomas H. Dubocq; Morton Laitner, As Attorney for Department of Health and Rehabilitative Services, Appellees.
No. 82-1475.
District Court of Appeal of Florida, Third District.
October 11, 1983.
Rehearing Denied December 9, 1983.
*1301 DeMeo & Sherman, Coral Gables, for appellants.
Joseph P. Averill, Morton Laitner, Miami, for appellees.
Before HUBBART, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellees are the Miami Daily News, a newspaper of general circulation, and Dubocq, one of its reporters. They made a demand upon Laitner, as attorney for the Department of Public Health, Department of Health and Rehabilitative Services of Florida, pursuant to Chapter 119, Florida Statutes (1981) (Public Records Act), to inspect and copy:
Application for license as lay midwife (form # HRS-H, form 3014, Dec. 1981), together with attachments and contemporaneous submissions, and subsequent submissions filed by or on behalf of Linda Wilson.
Appellants are mothers whose babies were delivered with applicant in attendance at the births.[1] The names and addresses of the appellants, as well as information concerning details of the childbirths, were submitted to the Department as an attachment to the application for a midwife license.
The Department disclosed to appellees on demand the application of Linda Wilson and certain attachments,[2] but did not surrender detailed information of the births nor appellants' names and addresses. The medical details of the births are contained in "birthing records" which, according to the Department, include "highly intimate information." To be found in such records, in addition to the names of the patients, are (1) type of delivery  whether C section or vaginal, (2) significant laboratory findings, e.g., venereal disease, (3) cervical or vaginal lacerations, (4) whether enema was used, (5) delivery of placenta and firmness of uterus, (6) medical opinion as to condition of mother and child.
After a hearing on the petition for mandamus, the court entered an order which concluded:
Such records are public records pursuant to Chapter 119, Florida Statutes (1981) and are not exempt from disclosure. The Respondent, Morton Laitner, Esquire, as Attorney for Department of Public Health, Department of Health & Rehabilitative Services of the State of Florida and the agents, servants, designees, subordinates and employees of the Department of Health & Rehabilitative Services having custody of the requested documents are hereby ordered and directed to permit inspection of such requested documents.
This appeal is from that order granting a Preemptory Writ of Mandamus.[3]
*1302 The Midwifery Statute, Chapter 485, Florida Statutes (1981), which was in effect at the commencement of these proceedings,[4] required every applicant for a license to practice midwifery show that she attended at least fifteen cases of labor and birth, the dates engaged, and the names and addresses of the mothers.[5] Pursuant to authority granted by statute (Section 485.051), the Department of Health and Rehabilitative Services adopted a rule to regulate the process of issuing licenses to practice midwifery. That rule, which governed the actions of the midwife applicant in this case, is Section 10D-36.22(1) of the Florida Administrative Code, which requires:
(1) Application for license shall be made on forms provided by the Department of Health and Rehabilitative Services and shall be accompanied by:
(a) Evidence of having attended within a one (1) year period under the supervision of a duly licensed and registered physician not less than fifteen (15) cases of labor including the care of not less than fifteen (15) mothers and newborn infants during the lying-in-period. Such evidence shall include:
1. A statement written by the attending physician in each case documenting the level of skill and competence exercised.
2. A list of the patient's name, address and delivery date for each of the documented cases.
(b) Letters of recommendation for licensure by at least two registered practicing physicians, one of whom may be the county medical director.
... .
(c) Evidence of a physical examination by a duly licensed registered physician to be entered on a standard physical examination form. Such examination form shall be completed and signed by said physician indicating physical and mental fitness of the applicant to practice midwifery.
Appellants in opposing the release of the remaining documents to appellees contend: (1) such documents are exempt from the Public Records Act [§ 119.01-12] since they are confidential or otherwise protected from disclosure by law, citing specifically, Sections 119.07(3), 382.35, and 455.241, Florida Statutes (1981); and (2) disclosure of the documents in question would violate their rights to privacy as guaranteed by the United States Constitution.
One argument made by appellees, which we shall dispose of summarily, is that the appellants, having made the detailed birth information a matter of record without a requirement to do so, have waived any exemption from disclosure. Without addressing the substance of the contention, except to express doubt as to its merit, we note that the issue was not presented to the trial court. An issue not raised below cannot be raised for the first time on appeal. Cowart v. City of West Palm Beach, 255 So.2d 673 (Fla. 1971); Secrist v. National Service Industries, Inc., 395 So.2d 1280 (Fla. 2d DCA 1981).
Appellee/newspaper contends also that appellants permitted the midwife applicant to use their names for the purpose of satisfying the licensing statute; that that permission caused the birthing records to become a public fact; and that once a private fact has been placed in the public domain, pursuant to the Public Records Act, no privacy interest, much less a constitutional *1303 interest is implicated. Not all private facts which come into the public domain via a governmental agency, however, are necessarily open to inspection by the general public. Section 119.07 carves out a number of exemptions from the scope of the Public Records Act.[6]
Section 119.07(3)(a), which is relied upon by appellants, provides:
All public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt [from the Act].
Specifically, appellants argue that certain information submitted by the applicant, as required by statute, is exempt from disclosure for two reasons, (1) the information is that which is required for a birth certificate, and is exempt from disclosure under Section 382.35, and (2) the information is made confidential by Section 455.241, which protects the records of a medical doctor. We have also been invited to, in effect, legislate interstitially, by bringing midwifery reports within the protective umbrella of Section 455.241.
Our initial task in attempting to resolve the dispute is thus to determine whether any of the information sought by appellees is covered by a statute which preserves its confidentiality. Appellants first claim that disclosure of their names and addresses is protected by Section 382.35, which makes confidential certain information required for a birth certificate. Under Section 382.35(1):
All birth records of this state shall be considered confidential documents and shall be open to inspection only as hereinbefore or hereinafter provided for.
Section 382.35(2) provides that copies of the birth certificate may be issued to enumerated persons, but excludes from disclosure that portion containing medical details and marital status. It is thus clear that some part of the birth certificate, which must be filed for each live birth, is open to public inspection. That would include at the least, the name of the institution or, if not an institution, the address where the birth occurred, the name of the mother, and the physician or licensed midwife in attendance during or immediately after the birth. See § 382.16, Fla. Stat. (1981). The fact that a midwife applicant attended the birth, however, is not reflected in that part of the birth certificate open to public inspection. If appellee were furnished with appellants' names and addresses as requested, this fact would be effectively disclosed.
Appellees emphasize that it is not the birth certificate itself that is sought, but rather the information which is contained in the application for midwifery. It is clear, however, that the purpose of Section 382.35 is not to protect the sanctity of the birth certificate per se, but is instead to preserve the confidentiality of certain information relating to birth. Whether otherwise private information, which is made a matter of public record as a requirement of law, will be exempt or not exempt from general public examination is determined by the expressed legislative intent with regard to that information. The status of the information, as exempt from disclosure, does not change because it is submitted to a regulatory body in compliance with another statute or rule which does not expressly recognize that protected status. Since the information sought is otherwise unavailable to the public under the authority of Section 382.35, it is exempt under Section 119.07(3)(a) from the Public Records Act.
Appellants next claim that the medical details of the births, contained in "birthing records", are exempt from disclosure under Section 455.241. This statute prohibits public disclosure of the reports made of an examination or treatment by medical doctors, osteopaths, chiropractors, podiatrists, naturopaths, optometrists, nurses, dentists, dental hygienists, dental laboratories and veterinarians. It provides in subsection (2):

*1304 Such reports [of examination or treatment] shall not be furnished to any person other than the patient or his legal representative, except upon written authorization of the patient. Nothing, however, shall prevent the furnishing of such reports without written authorization to any person, firm, or corporation which, with the patient's consent, shall have procured or furnished such examination or treatment or when compulsory physical examination is made pursuant to Rule 1.360, Florida Rules of Civil Procedure, in which case copies of the medical report shall be furnished both the defendant and the plaintiff.
It is clear that the detailed "birthing records" which are the subject of the dispute are not those of a licensed midwife, but those of a licensed physician who was supervising an applicant for a license to practice midwifery. Most of the information contained in those records could have been supplied only by one licensed to practice medicine, and therefore this information constitutes a report of treatment or examination as contemplated by Section 455.241. The records are thus exempt from disclosure under the Public Records Act.
We affirm the trial court's order insofar as it permits inspection of the application for a midwife's license, the certificate of having attended fifteen live births, and the attestations of physicians attending those births.[7] However, we reverse that part of the lower court's ruling which orders disclosure of the names and addresses of appellants and the medical details of the births. As to that information, made confidential by Sections 382.35 and 455.241, Section 119.07(3)(a) applies to provide an exemption from the disclosure requirement.
We need not decide whether all reports filed by a midwife relating to professional services rendered are entitled to the same confidentiality as those filed by doctors, nurses, dental hygienists and veterinarians under Section 455.241, Florida Statutes (1981). Neither must we reach the constitutional issue presented by appellants. It is a settled principle of constitutional law that courts will not adjudicate constitutional questions where there are other grounds on which a cause may be disposed of. State ex rel. Kennedy v. Knott, 123 Fla. 295, 166 So. 835 (1936).
Affirmed in part and reversed in part.
NOTES
[1] Appellants were intervenors in the trial court. The Department took no position after the action was instituted.
[2] The information given appellees by the Department prior to the filing of the mandamus action included (1) a cover letter by the applicant's counsel which accompanied the application and other submissions, (2) the application which included applicant's date of birth, education and health status, (3) an HRS form whereby applicant attested to attendance at fifteen live births under the supervision of a licensed physician stating date of delivery, city, and name of supervising physician, (4) letter of the supervising physician attesting to the applicant's proficiency.
[3] The trial court granted a stay of execution on the order pending appellate review.
[4] Chapter 485 was repealed by S. 2, Ch. 82-99, Laws of Florida, effective July 1, 1982, and is now, with major revisions and additions, Chapter 467, 1982 Supplement.
[5] Section 485.031(4)(b) requires that the applicant possess, inter alia, the following qualification:

(b) Have attended under the supervision of a duly licensed and registered physician not less than 15 cases of labor and have had the care of at least 15 mothers and newborn infants during lying-in-period of at least 10 days each; and shall possess a written statement from said physician that she has attended such cases in said 15 cases, with the date engaged and address of each; and that she is reasonably skilled and competent and establish the fact that she is reasonably skilled and competent to the satisfaction of the department.
[6] E.g., § 119.07(3)(c) answer sheets from governmental examination, (d) criminal intelligence information, (e) identity of confidential informants, (k) home addresses, telephone numbers, photographs of law enforcement personnel, their spouses and children.
[7] This includes the information already given to appellees, enumerated in note 2, supra, which was properly disclosed.