Mr. Michael D. Chiumento Attorney for Flagler County School District 4 Old Kings Road North, Suite B Palm Coast, Florida 32137
Dear Mr. Chiumento:
As general counsel to the School District of Flagler County, you have asked for my opinion on substantially the following questions:
1. Is criminal history record information obtained from the Federal Bureau of Investigation (FBI) and provided to a public school district for employment purposes as required by section 231.02, Florida Statutes, subject to public inspection and copying under Florida's Public Records Law?
2. If the answer to Question One is in the affirmative, should this information be made part of an employee's personnel file or maintained separately?
In sum:
1. Criminal history record information shared with a public school district pursuant to section 231.02, Florida Statutes, by the Federal Bureau of Investigation retains its character as a federal record to which only limited access is provided by federal law and is not subject to inspection and copying under Florida's Public Records Law.
2. In light of the conclusion that these records are not subject to inspection and disclosure, and pursuant to a contract between the school district and the Florida Department of Law Enforcement, acting as the agent of the Federal Bureau of Investigation for this purpose, these federal records may not be commingled with other public records such as those in a personnel file. However, information developed by the school district from further inquiry into references in the federal criminal history record information is a public record which should be included in a school district employee's personnel file.
Your questions are interrelated and will be answered together.
Section 231.02(2), Florida Statutes (1998 Supplement), requires that:
"(a) Instructional and noninstructional personnel who are hired to fill positions requiring direct contact with students in any district school system or laboratory school shall, upon employment, file a complete set of fingerprints taken by an authorized law enforcement officer or an employee of the school or district who is trained to take fingerprints. These fingerprints shall be submitted to the Department of Law Enforcement for state processing and to the Federal Bureau of Investigation for federal processing. Such new employees shall be on probationary status pending fingerprint processing and determination of compliance with standards of good moral character. Employees found through fingerprint processing to have been convicted of a crime involving moral turpitude shall not be employed in any position requiring direct contact with students. Probationary employees terminated because of their criminal record shall have the right to appeal such decisions. The cost of the fingerprint processing may be borne by the school board or the employee."
Your questions deal with the nature and potential release of the criminal history records supplied to the school district by the Federal Bureau of Investigation. As you point out, nothing in Florida's Public Records Law, Chapter 119, Florida Statutes, specifically exempts or makes these criminal history records confidential.
Section 943.051(2), Florida Statutes (1998 Supplement), requires that:
"Each adult person charged with or convicted of a felony, misdemeanor, or violation of a comparable ordinance by a state, county, municipal, or other law enforcement agency shall be fingerprinted, and such fingerprints shall be submitted to the [Department of Law Enforcement]. . . ."
The department may make exceptions to this requirement for specified misdemeanors or comparable ordinance violations.[1]
The Division of Criminal Justice Information of the Department of Law Enforcement acts as the state's central criminal justice information repository and is authorized to "[c]ollect, process, store, maintain, and disseminate criminal justice information and records[.]"[2] "Criminal history information" is defined for purposes of sections 943.045-943.08, Florida Statutes, as
"[I]nformation collected by criminal justice agencies on persons, which information consists of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges and the disposition thereof. The term does not include identification information, such as fingerprint records, if the information does not indicate involvement of the person in the criminal justice system."[3]
Pursuant to section 943.054, Florida Statutes,
"(1) Criminal history information derived from any United States Department of Justice criminal justice information system is available:
* * *
(b) Pursuant to applicable federal laws and regulations for use in connection with licensing or local or state employment or for such other uses only as authorized by federal or state laws which have been approved by the United States Attorney General or the Attorney General's designee. . . .
(2) The exchange of federal criminal history information is subject to cancellation if dissemination is made outside the receiving departments or related agencies."[4]
Thus, while this federal information is made available to state agencies under certain limited circumstances, Florida law recognizes that federal laws and regulations control its use and dissemination. Further, the statutes require that, as a condition of participating in any criminal justice information system or of receiving criminal justice information, state and local agencies must execute appropriate user agreements and must "comply with applicable federal laws and regulations, this chapter, and rules of the department."[5]
Flagler County entered into such an agreement with the Florida Department of Law Enforcement in April 1998. The agreement recognizes that the Florida Department of Law Enforcement will "[a]ct as an intermediary between [the school district] and the United States Department of Justice, securing for the use and benefit of [the school district] such federal and multistate criminal history records or information as may be available to [the school district] under federal laws and regulations[.]"[6]
The School Board of Flagler County, designated the "User," has certain obligations under the agreement:
"1) User shall use criminal history records acquired hereunder only for the purpose of screening applicants to determine their suitability for state employment, licensing, permitting, registration, or certification as specified under the statute enabling User to receive criminal history record information or in administrative hearings associated with one of the enumerated purposes;
2) User shall not co-mingle criminal history records with public records;
3) User shall not duplicate and/or disseminate criminal history records acquired hereunder for use outside of User Agency except as authorized by state or federal law. . . .
4) User has been approved to received [sic] criminal history record information pursuant to specific statutory authority and shall not use criminal history record information acquired pursuant to such approval for any other purpose including sharing of such criminal history record information with subunits within User's own agency. It is prohibited to use data acquired for one licensing purpose, for another purpose such as employment check, screening law enforcement personnel or another licensing purpose. Failure to comply with this requirement may subject User to a substantial federal penalty and/or discontinuance of state and federal services pending satisfactory resolution; . . .
* * *
7) User shall destroy criminal history records when they are no longer needed only in accordance with applicable laws, rules and regulations;
8) User shall keep criminal history records acquired hereunder in a secure file, safe, or other security device, such as a locked file cabinet in an access controlled area, and shall take such further steps as are necessary to insure that the records are accessible only to those of its employees who have been trained in their proper use and handling and have a need to examine such records;
9) User shall, upon receipt of any request, pursuant to the public records law, for a processed fingerprint card or criminal history record, transmit the request, along with the involved fingerprint card and criminal history record, to the Florida Department of Law Enforcement, Attention: User Services Bureau. FDLE will prepare copies of the involved documents, obliterating any state or federal data which is not available for dissemination under the Florida public records law, and return all documents to the User for response to the requester. . . . In particular record information derived from the U.S. Department of Justice shall not be disseminated outside the User agency or used for a purpose other than that specified in the statute authorizing the request. 28 C.F.R. § 20.33."[7]
Section 20.33, 28 Code of Federal Regulations, provides for the dissemination of criminal history record information. This section authorizes the release of criminal history record information contained in any Department of Justice criminal history record information system "for use in connection with licensing or local/state employment or for other uses only if such dissemination is authorized by Federal or state statutes and approved by the Attorney General of the United States."[8]
Section 50.12 of the chapter provides dissemination guidelines relating to requests processed under section 20.33. Subparagraph (b) of section 20.33(4) cautions that "[t]he exchange of criminal history record information authorized by paragraph (a) of this section is subject to cancellation if dissemination is made outside the receiving departments or related agencies."
Section 50.12 relates to the exchange of FBI identification records and provides that such information may be exchanged with "officials of state and local governments for purposes of employment and licensing[.]"[9] Under this section, the Director of the FBI is authorized to approve procedures relating to the exchange of identification records. Records obtained under this authority may only be used for the purpose requested and cannot be disseminated outside the receiving departments, related agencies, or other authorized entities that receive them.[10]
Nothing in Chapter 119, Florida Statutes, or in section 231.02, Florida Statutes (1998 Supplement), directly addresses the public nature of criminal history record information provided by the Federal Bureau of Investigation. However, my review of the applicable federal and state statutes and regulations leads me to conclude that this federal information maintains its status as federal information and does not become a state record under these "sharing" provisions. The contract between the Flagler County School Board and the Florida Department of Law Enforcement/Federal Bureau of Investigation recognizes this limitation.
While certain information, such as medical information,[11] that is otherwise confidential must be maintained in a public school system employee's personnel file, such records are subject to control under Florida's Public Records Law. As is clearly recognized by section 231.291(3)(a), Florida Statutes, "[p]ublic school system employee personnel files are subject to the provisions of s. 119.07(1), [Florida Statutes]." A distinction must be drawn however, between these state or local records and federal records shared with a state or local agency pursuant to federal statutes and regulations and governed by federal law.
The dissemination of criminal history record information provided by the Federal Bureau of Investigation is clearly restricted by federal statutes, by section 943.054, Florida Statutes, and by the contractual agreement between the Flagler County School Board and the Florida Department of Law Enforcement. Such information will be released by the FBI to the school district only for use by the district in employment screening pursuant to section 231.02, Florida Statutes (1998 Supplement). Both federal and state statutes clearly advise the school district that "[t]he exchange of federal criminal history information is subject to cancellation if dissemination is made outside the receiving departments or related agencies."[12]
As the Florida Supreme Court held in a recent criminal case,Ragsdale v. State,
"[T]he focus in determining whether a document has lost its status as a public record must be on the policy behind the exemption and not on the simple fact that the information has changed agency hands. Thus, if the State has access to information that is exempt from public records disclosure due to confidentiality or other public policy concerns, that information does not lose its exempt status simply because it was provided to the State during the course of its criminal investigation."[13]
Clearly then, it is the identity of the record itself and not the identity of the agency holding the record that determines whether any exemption from disclosure applies.
In coming to this conclusion the Court relied on an earlier case,City of Riviera Beach v. Barfield.[14] In the Barfield case documents were given by one agency to another during an active criminal investigation. Those seeking access to these records argued that the transfer of a document from one agency to another nullified the exempt status of the record. The court rejected this argument:
"We conclude that when a criminal justice agency transfers protected information to another criminal justice agency, the information retains its exempt status. We believe that such a conclusion fosters the underlying purpose of section 119.07(3)(d), which is to prevent premature public disclosure of criminal investigative information since disclosure could impede an ongoing investigation or allow a suspect to avoid apprehension or escape detection. In determining whether or not to compel disclosure of active criminal investigative or intelligence information, theprimary focus must be on the statutory classification of theinformation sought rather than upon in whose hands the informationrests. Had the legislature intended the exemption for active criminal investigative information to evaporate upon the sharing of that information with another criminal justice agency, it would have expressly provided so in the statute."[15] (e.s.)
While the information sought in the Ragsdale case was not information currently being used in an active criminal investigation, the Court extended the policy rationale expressed above in Barfield.[16] In the situation presented by your request, the fact that these federal criminal history records are federal records subject to limited disclosure is what controls their public disclosure, rather than the fact that the school district may have possession of them.
However, federal criminal history record information should be considered preliminary background information which the school district uses to pursue additional inquiries. Information developed independently by the school district as a result of its own more in-depth investigations would generally fall within the definition of a public record as material made or received by an agency in connection with official business which is used to perpetuate, communicate or formalize knowledge.[17]
Pursuant to section 231.291, Florida Statutes, matters that would be cause for discipline, suspension, or dismissal must be reduced to writing and included in a school district employee's personnel file.[18] These files are subject to Florida's Public Records Law and, notwithstanding certain specific confidentiality provisions for such things as medical records
"all aspects of the personnel file of each employee shall be open to inspection at all times by school board members, the superintendent, and the principal, or their respective designees, in the exercise of their respective duties."[19]
Further, in light of the potential for significant harm posed by contact between school children and both instructional and noninstructional school district employees who may have serious criminal records, a school district should consider developing notification procedures for these circumstances. With regard to certain sexual offenders the Legislature has determined that
"[t]he state has a compelling interest in protecting the public from sexual predators and in protecting children from predatory sexual activity, and there is sufficient justification for requiring sexual predators to register and for requiring community and public notification of the presence of sexual predators."[20]
To accomplish this purpose the Legislature requires that sexual predators register with the Department of Corrections or local law enforcement so that community and public notification can be provided concerning the presence of sexual predators.[21]
Pursuant to section 775.21(7), Florida Statutes (1998 Supplement), Florida's Sexual Predators Act, once a law enforcement agency has been notified of the presence of a sexual predator, the sheriff or chief of police must notify the community and is charged particularly with notifying "each licensed day care center, elementary school, middle school, and high school" in the area where the sexual predator lives.[22] The statute also provides that
"[w]hen the court has made a written finding that an offender is a sexual predator, an elected or appointed official, public employee, school administrator or employee, agency, or any individual or entity acting at the request or upon the direction of any law enforcement agency is immune from civil liability for damages resulting from the release of information under this section."[23]
Immunity from liability for the release of information on other offenders is included elsewhere in the statutes.[24]
Therefore, it is my opinion that criminal history record information provided to a school district by the Federal Bureau of Investigation pursuant to section 231.02(2), Florida Statutes (1998 Supplement), retains its character as a federal record to which only limited access is provided by federal law and is not subject to inspection and copying under Florida's Public Records Law. In light of that conclusion and the provisions of the contract between the Flagler County School District and the Florida Department of Law Enforcement recognizing the privacy and security requirements on such information, these federal records should not be commingled with other public records such as those in a personnel file. However, information developed independently by the school district from further inquiry into references in the federal criminal history record information is a public record which should be included in a school district employee's personnel file.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 943.051(2), Fla. Stat. (1998 Supp.).
[2] Section 943.051(1)(a), Fla. Stat. (1998 Supp.).
[3] Section 943.045(4), Fla. Stat.
[4] And see, s. 943.054(4), Fla. Stat., stating that "[p]rovisions of this section are required by the Federal Government as a condition of utilizing the United States Department of Justice criminal history record information systems."
[5] Section 943.0525, Fla. Stat. (1998 Supp.).
[6] See, s. II. 1) C), Florida Department of Law Enforcement Criminal Justice Information Services Criminal History Record Check User Agreement With Local School Districts for Non-criminal Justice Purposes ("User Agreement"). This office has been advised that FDLE's standard user agreement has been amended. However, the text of this opinion reflects the current language in the agreement between FDLE and the Flagler county School District.
[7] Section III of the User Agreement.
[8] 28 C.F.R. s. 20.33(a)(3).
[9] 28 C.F.R. s. 50.12(b).
[10] Id.
[11] See, s. 231.291, Fla. Stat., relating to personnel files of public school system employees.
[12] Section 943.054(2), Fla. Stat.; Title 28 U.S.C. s. 534(b).
[13] Ragsdale v. State, 23 Fla.L.Weekly S544, S545 (Case No. 89,657. October 15, 1998).
[14] City of Riviera Beach v. Barfield, 642 So.2d 1135 (Fla. 4th DCA 1994), rev. den., 651 So.2d 1192 (Fla. 1995).
[15] Id. at 1137.
[16] Cf., State v. Buenoano, 707 So.2d 714 (Fla. 1998) (restricted access documents provided to state attorney by federal government pursuant to loan agreement remained exempt from public inspection even though documents were inadvertently given to defendant and placed in court record in violation of conditions of federal loan agreement); and Alice P. v. Miami Daily News, Inc.,440 So.2d 1300 (Fla. 3d DCA 1983), rev. den., 467 So.2d 697
(Fla. 1985) (confidential birth information contained in license application submitted to state health agency not subject to disclosure).
[17] Shevin v. Byron, Harless, Schaffer, Reid and Associates,Inc., 379 So.2d 633, 640 (Fla. 1980). But see, s. 943.053(2), Fla. Stat. (1998 Supp.), stating that "[c]riminal justice information derived from federal criminal justice information systems or criminal justice information systems of other states shall not be disseminated in a manner inconsistent with the laws, regulations, or rules of the originating agency."
[18] See, ss. 231.291(1)(a) and (2)(a), Fla. Stat.
[19] Section 231.291(3)(b), Fla. Stat. And see, s. 231.291(3)(c), Fla. Stat., providing that "[n]otwithstanding other provisions of this subsection, all aspects of the personnel file of each employee shall be made available to law enforcement personnel in the conduct of a lawful criminal investigation.
[20] Section 775.21(3)(c), Fla. Stat. (1998 Supp.). And see, s.775.21(3)(d), Fla. Stat. (1998 Supp.), which provides that upon a judicial finding that an offender is a sexual predator, members of the community and the public must be notified of the sexual predator's presence.
[21] Section 775.21(3)(b)3. and 4., Fla. Stat. (1998 Supp.).
[22] Section 775.21(7)(a), Fla. Stat. (1998 Supp.).
[23] Section 775.21(9), Fla. Stat. (1998 Supp.).
[24] See, s. 944.606(5), Fla. Stat. (1998 Supp.), providing that "[a]n elected or appointed official, public employee, school administrator or employee, or agency, or any individual or entity acting at the request or upon the direction of any law enforcement agency, is immune from civil liability for damages resulting from the release of information [regarding sexual offenders]."