ORDER ON JURISDICTION

PER CURIAM.
Appellant association filed this suit against the appellee homeowner alleging nonpayment of assessments and seeking to foreclose a hen for the unpaid assessments. The homeowner filed a counterclaim alleging slander of title based on the hen and a motion for summary judgment on the association’s claim. The trial court granted the motion for summary judgment on the association’s claim against the homeowner; however, it is not a final order in that it merely grants the motion and does not contain words of finality. Dobrick v. Discovery Cruises, Inc., 581 So.2d 645 (Fla. 4th DCA 1991). We therefore rehnquish jurisdiction for the association to obtain a final summary judgment against the association.
The counterclaim for slander of title is still pending. Because the counterclaim for slander of title is permissive, not compulsory, Callaway Land & Cattle Co. v. Banyon Lakes C. Corp., 831 So.2d 204 (Fla. 4th DCA 2002), a final order on the main claim, while the counterclaim is still pending, will be appealable as a partial final judgment under rule 9.110(k). Philip J. Padovano, Florida Appellate Practice, § 21.4 (2002); City of Haines City v. Allen, 509 So.2d 982, 983 (Fla. 2d DCA 1987)(“If the counterclaim is compulsory, the disposition of it or the main claim cannot be appealed until both have been disposed of.”); S.L.T. Warehouse v. Webb, 304 So.2d 97 (Fla.1974).
Jurisdiction rehnquished for thirty days.
STONE, KLEIN and SHAHOOD, JJ„ concur.