852 So.2d 895 (2003)
ROLLINS, INC., and Orkin Exterminating Company, Inc., Appellants,
v.
Mark BUTLAND and Christine Butland, Kris Cornett, and Maria N. Garcia, on behalf of themselves and others similarly situated, Appellees.
No. 2D02-1809.
District Court of Appeal of Florida, Second District.
August 6, 2003.
Michael W. Davis, Stephan V. Beyer, and Theodore R. Scarborough of Sidley, Austin, Brown & Wood, Chicago, IL; and Douglas B. Brown of Rumberger, Kirk & Caldwell, Orlando, for Appellants.
Mark H. Ruff of Alvarez, Sambol, Winthrop & Madison, P.A., Orlando, for Amicus Curiae Florida Pest Management Association, Inc.
David S. Oliver of Greenberg Traurig, P.A., Orlando; Daniel J. Clark and Scott Charlton of Clark, Charlton & Martino, P.A.; and George Vaka of Vaka, Larson & Johnson, Tampa, for Appellees.
SALCINES, Judge.
Rollins, Inc., is a nationwide corporation which operates several divisions and subsidiaries including the licensed termite and pest control company, Orkin Exterminating Co., Inc. The subject of the current appeal is a nonfinal order which granted a motion for class certification filed by the plaintiffs, Mark Butland, Christine Butland, Kris Cornett, and Maria N. Garcia. We reverse.
The plaintiffs brought an action against Rollins and Orkin alleging the companies were guilty of a continuing pattern of fraud, theft, and forgery upon Florida consumers. In preliminary proceedings, the plaintiffs proposed the certification of a class and one subclass. The "Orkin Termite Class" was defined as: "All persons who have entered into a Standard Termite Contract during the period from March 9, 1995 to the present." The "Orkin RICO Subclass" was defined as: "All persons who were induced to and entered into a *896 Standard Termite Contract with Orkin similar to the Plaintiffs based on Orkin's misleading advertisements and representations that violate Florida Statutes, sections 772.104, 817.06, and 817.41."
The trial court issued a twelve-page order granting the plaintiffs' motion for statewide class certification which clearly summarized the argument of the parties relating to the requirements which must be met in order to certify a class. However, the order did not state the factual and legal findings required by Florida Rule of Civil Procedure 1.220(d)(1) to support certification but merely made conclusory statements that the parties had established the prerequisites to qualify for class certification. As in KPMG Peat Marwick, L.L.P. v. Barner, 771 So.2d 56, 56 (Fla. 2d DCA 2000), due to the inadequacy of the order, this court cannot determine whether the trial court abused its discretion by certifying the class. Accordingly, we reverse the order granting the motion for class certification and remand for further proceedings.[1]
Reversed and remanded.
ALTENBERND, C.J., and SILBERMAN, J., Concur.
NOTES
[1] On remand, in addition to making sufficient findings of fact to support the certification and the establishment of the class and subclass, we recommend that the trial court specifically set out the manner in which this matter should proceed for case management purposes. Specifically, the court should address how the parties shall proceed with discovery and with the continuing litigation of this case.