875 So.2d 635 (2004)
CITY OF MIAMI, Appellant,
v.
Sidney S. WELLMAN, et al., Appellees.
No. 3D01-3050.
District Court of Appeal of Florida, Third District.
February 4, 2004.
Rehearing and Rehearing Denied June 16, 2004.
*636 Alejandro Vilarello, City Attorney, and Warren Bittner, Assistant City Attorney; and Law Office of Robert S. Glazier, P.A., and Robert S. Glazier, Miami, for appellant.
Ronald S. Guralnick, P.A., and Ronald S. Guralnick, Miami, for appellees.
Before GERSTEN, RAMIREZ, and WELLS, JJ.
Rehearing and Rehearing En Banc Denied June 16, 2004.
RAMIREZ, J.
The City of Miami appeals the trial court's Order Granting Plaintiffs' Motion for Injunctive Relief. Appellees Sidney S. Wellman, Danielle Wellman, Nadine Theodore, Gustav Dorcilome, and Michel Chiche, on behalf of the class-action members, cross-appeal the same order. We affirm because the City of Miami's Vehicle Impoundment Ordinance, City of Miami Code, sections 42-120 through 42-125 (1997), is preempted by the Florida Contraband Forfeiture Act, sections 932.701 through section 932.707, Florida Statutes (2002)(hereinafter referred to as the "Forfeiture Act").
The City of Miami enacted an ordinance which allows the police to seize and impound any motor vehicle that the police have probable cause to believe has been used to facilitate crimes that were a threat to the health, safety and welfare of the City. See City of Miami Code, §§ 42-120-125 (1997). The ordinance allows impoundment of a vehicle where the vehicle contained a controlled substance; had been used for the sale or purchase of a controlled substance; had been used to facilitate the commission of an act of prostitution, assignation, or lewdness; or had been used for the illegal dumping of litter or hazardous waste. See City of Miami Code, § 42-121(a)(1)-(5) (1997).
There are four situations in which the ordinance does not apply and impoundment is not permitted. These situations include when: (1) the possession or sale of the controlled substance is authorized by Florida Statutes, (2) the vehicle was reported stolen at the time that it was subject to seizure and impoundment, (3) the vehicle was operated as a common carrier at the time that it was subject to seizure and impoundment, and (4) a law enforcement agency has expressed its intent, in writing, to bring forfeiture proceedings on the vehicle. See § 42-121(d)(1)-(4).
Upon seizure of the motor vehicle, the City tows the vehicle. The police officer is then required to notify, in writing, the person determined to be the owner of the vehicle and any person found to be in control of the vehicle at the time of the seizure and impoundment. See § 42-121(b)(1), (2). The officer is also required to advise the vehicle owner or the person in control of the vehicle of their right to request a preliminary hearing or to recover their vehicle upon payment of a $1,000 administrative civil penalty, plus towing and storage charges. See § 42-121(b)(2). Notices are provided by hand delivery at the time of the seizure and impoundment to the person in control of the vehicle. If neither the record owner nor the person in control of the vehicle at the time of its seizure is available to receive the notice, then the notice is provided to the record owner by certified mail, return receipt requested, within 48 hours of the time of the impoundment, excluding Saturdays, Sundays and legal holidays. See § 42-121(c).
Under section 42-122(a) of the ordinance, the motor vehicle owner (or the person's agent or authorized representative) is entitled to request, in writing, a preliminary hearing within five days of receiving notice to determine whether there is probable cause to impound the *637 vehicle. If there is no probable cause to believe that the vehicle is subject to impoundment, then the vehicle must be released to the owner, agent or authorized representative and no administrative civil penalty is imposed. See § 42-122(a)(2). If it is determined that there is probable cause to believe that the vehicle is subject to impoundment, then the vehicle continues to be impounded unless the owner, agent or authorized representative pays a $1,000 administrative civil penalty, plus the accumulated towing and storage costs.
At the preliminary hearing, the owner, agent, or authorized representative may request a final hearing that has to be held no later than thirty days after the date on which the vehicle was seized and impounded. See § 42-122(b). At the final hearing, the City has the burden to show by a preponderance of the evidence that the vehicle was being used for the enumerated illegal purpose. If, after the hearing, a finding is made that the none of the exceptions to impoundment under section 42-121(d) apply, then an order must be entered finding that the owner of record is civilly liable to the City for up to $1,000 in administrative civil penalties, plus towing and storage costs. If, after the hearing, a finding is made that the City did not meet its burden of proof or that one of the exceptions to impoundment applies, then the vehicle must be returned to the owner. See § 42-121(b).

The Trial Court Proceedings
In the first case filed by appellees, law enforcement impounded Danielle Wellman's vehicle pursuant to the City's ordinances after they arrested her husband, Sidney Wellman, for having operated the vehicle to solicit prostitution. The Wellmans then brought a class action suit against the City for a declaratory judgment to find that the ordinances were invalid, for injunctive relief, and for unjust enrichment.
In the second case, three separate individuals also challenged the City's ordinances. Law enforcement impounded Nadine Theodore's vehicle pursuant to the City's ordinances after the arrest of her husband for having used the vehicle to commit prostitution. Theodore asserted that she was not present at the time of her husband's arrest and the seizure of the vehicle. She further contended that she did not know that her husband might use the vehicle to do anything illegal. Law enforcement impounded Gustav Dorcilome's vehicle when one of the passengers in his vehicle attempted to purchase marijuana from an undercover police officer and impounded Michel Chiche's vehicle after he offered to commit prostitution. These three litigants brought a declaratory action against the City (the Theodore action) in which they claimed that the City ordinance's impoundment and administrative civil penalty procedures were void on their face because the ordinances violated the common law prohibition against a party judging its own case and violated the Florida Constitution. They also sought class certification.
The Wellmans' action and the Theodore action were consolidated, and the class was certified. The class members are all owners of motor vehicles that the City impounded pursuant to the Vehicle Impoundment Ordinance, from June 1, 1997 to the present.
At the trial court level, the parties filed cross motions for summary judgment to determine the validity of the City's Vehicle Impoundment Ordinance. On April 6, 2001, the trial court found that the ordinance was unconstitutional in part and granted partial summary judgment in the City's favor. The trial court issued the following three orders regarding the validity *638 of the ordinance: 1) Order entered April 6, 2001; 2) Supplemental Order on Cross Motions for Summary Judgment entered May 18, 2001; and 3) Order Granting Plaintiffs' Motion for Injunctive Relief entered October 9, 2001.
In the April 6, 2001 order, the trial court found the City's ordinance unenforceable to the extent that the ordinance conflicted with the provisions of the Forfeiture Act. The trial court noted that the ordinance did not provide for an "innocent owner" exception. For example, it stated that owners who are not present at the time of the driver's arrest, such as spouses, lessors or renters, joint owners or those with liens on the vehicle, should be afforded the due process set out in the Forfeiture Act. The trial court stated that the City must provide by a preponderance of the evidence that these owners knew or should have known that the vehicle would be used for illegal purposes before the imposition of the administrative penalty would be fair. The court noted, however, that the City's ordinance provided no such protection to these categories of owners. Because the Forfeiture Act provided for due process in similar cases, the trial court concluded that, at a minimum, the City must provide protection for the owners not present at the time of the driver's arrest, innocent spouses, co-owners, lienors, or lessors or renters of vehicles.
In the trial court's May 18, 2001 Supplemental Order on Cross Motions for Summary Judgment, the trial court found that the City's ordinance notice requirement adequately placed on notice owners not present at the time of an arrest. If the City did not provide notice to the owner or person in control of the vehicle at the time the vehicle was seized, the City nonetheless provided notice through certified mail to the record owner within 48 hours of the seizure. The trial court found, however, that the notice provisions were inconsistent with the Forfeiture Act and did not adequately provide notice to joint owners, including innocent spouses, lessors, renters, and lienors. The trial court held that these categories of owners were not automatically given notice of an impoundment. The court then cited to the Forfeiture Act and pointed out that the act provided for notice to joint owners and for notice to rental or leasing companies as soon as practicable. The trial court further found that the City should have to establish not only probable cause for the seizure, but also should have to establish that the joint-owners, innocent spouses, lessors, renters, and lienors had knowledge, or should have had knowledge, that the vehicle would be used for certain criminal activity, such as prostitution, drug violations, and dumping. The trial court stated that until the ordinance was amended, the ordinance could only be enforced against owners notified by hand-delivery or certified mail promptly after seizure of the vehicle, and interested parties present at the time of the arrest, and then only if there was probable cause established for the arrest of the driver and proof that joint owners, lessors, renters or lienors knew or should have known that the vehicle would be used for criminal activity.
Accordingly, in the trial court's Order Granting Plaintiff's Motion for Injunctive Relief, the court enjoined the City from enforcing its Vehicle Impoundment Ordinance, City of Miami Code, sections 42-120 through 42-125 (1997), in any manner inconsistent with the court's April 6, 2001 and May 18, 2001 orders. The City appealed, and the owners cross-appealed.

The Forfeiture Act Preemption
The City contends that the trial court erred as a matter of law in holding that the City's Vehicle Impoundment Ordinance unconstitutionally conflicts with the *639 Forfeiture Act in its treatment of "innocent owners" and erred as a matter of law in holding that the notice requirements of the City's vehicle impoundment ordinance unconstitutionally conflict with the Forfeiture Act's requirements. The owners answer, in part, that the Forfeiture Act preempts the City's ordinance.
We agree with the owners that the Forfeiture Act preempts the City's ordinance and thus conclude that the trial court erred in finding that there was no conflict between the ordinance and the Forfeiture Act. Impoundment under the City's ordinance is nothing "but a kinder, gentler description for what is actually a forfeiture." Mulligan v. City of Hollywood, 871 So.2d 249 (Fla. 4th DCA 2003).
Black's Law Dictionary defines "impoundment" and "impound" as follows:
impoundment. 1. The action of impounding; the state of being impounded. See IMPOUND.
impound, vb. 1. To place (something, such as a car or other personal property) in the custody of the police or the court, often with the understanding that it will be returned intact at the end of the proceeding.
BLACK'S LAW DICTIONARY 760 (7th ed.1999). BLACK'S LAW DICTIONARY defines "forfeiture" as follows:
1. The divestiture of property without compensation. 2. The loss of a right, privilege, or property because of a crime, breach of obligation, or neglect of duty.  Title is simultaneously transferred to another, such as the government, a corporation, or a private person. 3. Something (esp. money or property) lost or confiscated by this process; a penalty.
BLACK'S LAW DICTIONARY 661 (7th ed.1999).
The Forfeiture Act allows forfeiture proceedings in similar circumstances to the ones outlined in the City's ordinance. But, as the owners point out, the Forfeiture Act provides rights which are not provided for in the City's ordinance. One important difference is that the Forfeiture Act provides for protections for the owner and joint owners, whereas the City's ordinance does not. Under the Forfeiture Act, the government must provide an exception for innocent owners. See Department of Law Enforcement v. Real Property, 588 So.2d 957, 968 (Fla.1991).
Under the Forfeiture Act, section 932.703(6)(a), Florida Statutes (2002), property may not be forfeited unless the seizing agency establishes by a preponderance of evidence, that the owner either knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity. Section 932.703(6)(b) provides that a bona fide lienholder's interest that has been perfected in the manner prescribed by law prior to the seizure may not be forfeited under the Forfeiture Act unless the seizing agency establishes by a preponderance of the evidence that the lienholder had actual knowledge, at the time the lien was made, that the property was being employed or was likely to be employed in criminal activity. Furthermore, property that is titled or registered between husband and wife jointly may not be forfeited without the same "knew or should have known" proof by a preponderance of the evidence. § 932.703(c), Fla. Stat. (2002). In addition, jointly owned vehicles and leased or rented vehicles have protections from forfeiture. § 932.703(d), Fla. Stat. (2002).
Forfeitures are harsh remedies not favored by the law. See Byrom v. Gallagher, 609 So.2d 24 (Fla.1992); Cabrera v. Department of Natural Res., 478 So.2d 454 (Fla. 3d DCA 1985). As such, the forfeiture statutes are strictly construed. *640 Id. As the Fourth District concluded in Mulligan, "[w]e should construe the ordinance in question in a manner consistent with the interest of the owner and against the City." Mulligan, 871 So.2d at 253.
We take the same approach as the Fourth District and conclude that we need not decide constitutional issues if the issues can be decided on other grounds. Id. See also Wooten v. State, 332 So.2d 15 (Fla.1976); Singletary v. State, 322 So.2d 551 (Fla.1975); Jones v. City of Sarasota, 89 So.2d 346 (Fla.1956); M.Z. v. State, 747 So.2d 978 (Fla. 1st DCA 1999); Matthews v. Weinberg, 645 So.2d 487 (Fla. 2d DCA 1994); Alice P. v. Miami Daily News, Inc., 440 So.2d 1300 (Fla. 3d DCA 1983); State v. Efthimiadis, 690 So.2d 1320, 1322 (Fla. 4th DCA 1997); and Dennis v. Department of Health and Rehab. Servs., 566 So.2d 1374 (Fla. 5th DCA 1990). Instead, we consider the ordinance in light of the Forfeiture Act.
We agree with the owners that the Forfeiture Act preempts the City's ordinance. Municipal ordinances must not conflict with any controlling provision of a state statute. Thomas v. State, 614 So.2d 468, 470 (Fla.1993). Section 166.021(3), Florida Statutes, of Florida's Municipal Home Rule Powers Act states that cities may not legislate in an area expressly preempted by state legislation. The preemption need not be explicit, so long as it is clear that the legislature has clearly preempted local regulation of the subject. Barragan v. City of Miami, 545 So.2d 252, 254 (Fla.1989).
We further agree with the owners that the Forfeiture Act directly preempts the City's ordinance because the Act provides for a comprehensive procedure for forfeiture of property. See §§ 932.701-932.707, Fla. Stat. (2002). The Act applies to all law enforcement agencies including municipal police departments. See § 932.7055(4), Fla. Stat. (2002). The Act states that law enforcement agencies "shall" use the provisions of the Forfeiture Act to seize contraband used for criminal purposes. See § 932.704(1), Fla. Stat. (2002).[1] According to section 932.704(1) of the Forfeiture Act,
It is the policy of this state that law enforcement agencies shall utilize the provisions of the Florida Contraband Forfeiture Act to deter and prevent the continued use of contraband articles for criminal purposes while protecting the proprietary interests of innocent owners and lienholders.
The Act also states that forfeiture applies to acts that constitute felonies. § 932.701(2)(a)5, Fla. Stat. (2002). If there is any doubt as to the extent of a power attempted to be exercised which may affect the operation of a state statute, the doubt is to be resolved against the ordinance and in favor of the statute. City of Miami Beach v. Rocio Corp., 404 So.2d 1066, 1069 (Fla. 3d DCA 1981). Thus, because the impoundment under the City's ordinance effectively operates as a forfeiture, the City is directly preempted from legislating on this subject matter. See Zorc v. City of Vero Beach, 722 So.2d 891, 898 (Fla. 4th DCA 1998) ("Municipal ordinances are inferior to laws of the state and *641 must not conflict with any controlling provision of a statute.").[2]
In addition, forfeiture schemes must comport with due process. See Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991). The due process standards contained in the Forfeiture Act for the protection of owners not present at the time of the driver's arrest, innocent spouses, co-owners, lienors and lessors or renters of vehicles that are not included in the City's ordinance are found in section 701. For example, for forfeiture of personal property, the state must immediately notify all interested parties after an ex parte seizure and inform them of the right to a preliminary adversarial hearing held within ten days. The petition for forfeiture must be verified and supported by an affidavit. At the preliminary adversarial hearing, the court must decide if there is probable cause to believe the property was used in the commission of a crime. The final hearing is a jury trial, if requested, where the state must prove its case by clear and convincing evidence. An innocent owner defense is constitutionally required and if proven by a preponderance of the evidence, is a complete defense. The City's ordinance does not provide for the rules of evidence. There is also no right to a jury trial under the ordinance, no standard of clear and convincing evidence, and there is no innocent owner defense.
Finally, we cannot agree with the City that the taking of the vehicle under the ordinance does not constitute a forfeiture because the taking of the property is temporary, rather than permanent. The facts in this record establish that impoundment of the vehicle under the City's ordinance functions exactly like a forfeiture. The owner is dispossessed of his or her property and has no use of the vehicle when it is impounded. The property is taken out of the owner's control, unless he prevails at the hearing afforded under the ordinance or pays the $1,000 penalty. Even if the owner eventually pays the $1,000 penalty and gets the vehicle back, there is a permanent taking of the $1,000. If the owner does not prevail or pay the penalty, then the vehicle can be sold. Thus, the owner is permanently deprived of his property.

Conclusion
In sum, without reaching any constitutional issues, we hold that the Forfeiture Act directly preempts the City's impoundment ordinance. The City's ordinances are entirely void and unenforceable because the City exceeded its authority to enact such an ordinance.
We therefore affirm the October 9, 2001 order in which the trial court granted Plaintiffs' Motion for Injunctive Relief insofar as it enjoins the City from enforcing its Vehicle Impoundment Ordinance. However, we disagree with portions of the April 6, 2001 and May 18, 2001 orders (incorporated by reference into the trial court's order), where the trial court found that the ordinance is enforceable, in part, with respect to owners who are drivers or passengers of the vehicle that is seized. We do not agree with the trial court that a part of the ordinance can be given effect. Because the impoundment operates as a forfeiture, the entire ordinance is preempted. Thus, the entire ordinance is invalid, even with respect to owners that are present at the time of the vehicle's seizure. As previously discussed, there is already a state law in place, the Forfeiture Act, that is applicable to all the different categories *642 of owners. Similarly, the Fourth District Court in Mulligan held the entire ordinance was invalid.
Affirmed in part; reversed in part.
NOTES
[1] The City's ordinance deals with crimes other than prostitution, unlike the City of Hollywood's ordinance in Mulligan. While the City of Hollywood's ordinance dealt only with prostitution, the City of Miami's ordinance deals with prostitution, as well as use of controlled substances and illegal dumping of litter or hazardous waste. Thus, we believe the facts of this case set out a stronger scenario for preemption by state law than the facts of the Fourth District's case.
[2] In addition to the preemption of the forfeiture issue, we agree with the Fourth District in Mulligan that the ordinance conflicts with Forfeiture Act, section 932.704(2)-(4), providing for judicial proceedings, instead of an administrative agency, and for jury trials.