PER CURIAM.
Following a class certification hearing, the circuit court certified a class “to consist of each law enforcement agency of the state of Florida and the law enforcement agencies -of each county, municipality and political subdivision of the state of Florida that bought or leased Crown Victoria Police Interceptors during the years 1992 through present.” Appellants argue that the trial court erred in certifying the class, because it failed to engage in the rigorous analysis required by Florida Rule of Civil Procedure 1.220.
Specifically, Appellants argue that there are myriad factual differences among the putative class members, demonstrating that individual claimant issues overwhelm any class-wide questions of law or fact. For example, the existence of the alleged defect cannot be established with respect to all members of the proposed class and their vehicles, nor can class members’ knowledge of the alleged defect, or Appel-lee’s knowledge for every CVPI purchase or lease over a 12-year period. Appellants also argue that it has not been shown that *613 a class action trial would be “superior to other available methods for the fair and efficient adjudication of the controversy.” Fla. R. Civ. P. 1.220(b)(8). We reverse.
Additionally, the order certifying the class contains no findings of fact as required by Florida Rule of Civil Procedure 1.220(d)(1) (“... the order shall separately state the findings of fact and conclusions of law upon which the determination is based.”). Absent specific findings, we cannot discern whether the trial court applied the correct analysis when making its decision. See Rollins, Inc. v. Butland, 852 So.2d 895 (Fla. 2d DCA 2003); KPMG Peat Marwick, L.L.P. v. Barner, 771 So.2d 56 (Fla. 2d DCA 2000). We therefore reverse the order granting the motion for class certification, decertify the proposed class, and remand for proceedings consistent with this opinion.
REVERSED.
WEBSTER, HAWKES, and THOMAS JJ., concur.