914 So.2d 1035 (2005)
FLORIDA HOME BUILDERS ASSOCIATION, et al., Appellant,
v.
ST. JOHNS COUNTY, Florida, Appellee.
No. 5D05-413.
District Court of Appeal of Florida, Fifth District.
November 22, 2005.
*1036 Albert T. Franson, Reese J. Henderson and Christopher J. Iseley of Tritt & Franson, P.A., Jacksonville, for Appellant.
Laura Lee Barrow, Assistant County Attorney, St. Augustine, for Appellee.
PETERSON, J.
Florida Home Builders Association, First Coast Framing, Inc., SMM Soffit and Siding, Inc., Bruce Gibbons Custom Painting, Inc., and DiPaul Framing, Inc., (collectively Appellants), appeal from a non-final order denying their motion to temporarily enjoin enforcement of a St. Johns County, (County), ordinance requiring them to obtain specialty contractor licenses.
The trial courts order of denial found that the County's 1976 ordinance requiring all construction contractors to be licensed prevailed because it was enacted prior to the 1993 enactment of section 489.117(4)(e), Florida Statutes, known as the Jim Walter Exemption, which exempted specialty contractors from obtaining a license if the specialty work was performed under the supervision of a certified or registered contractor.
St. Johns County ordinance number 76-20 originally required all persons engaged in a trade or craft specified in the ordinance to obtain a craftsman certificate.[1] The ordinance was not enforced and was amended multiple times culminating in the current ordinance, 2002-48, which is allegedly now being rigorously enforced and is the subject of this appeal. Section 4 of the ordinance provides:
Whether working for a Authorized Contractor or a Certified Contractor, or for an unlicensed party, it shall be unlawful for any person, other than a Certified or Authorized Contractor as defined in this ordinance, in St. Johns County, to engage in said occupation or business until such person has first obtained a current Certified or Authorized Contractors License as provided in this ordinance....
Section 1 of the ordinance defines a Certified Contractors License as a license issued by the state and an Authorized Contractors License as one issued by St. Johns County. The effect of the ordinance is to make it unlawful for specialty contractors, including Appellants, to perform construction work in St. Johns County without first obtaining either a state or local license. To obtain an Authorized Contractors License, an applicant must complete an application, achieve a passing score on a test, obtain approval of the St. Johns County Contractor Review Board, and pay a fee.
During the 1993 Florida legislative session, chapter 93-154, Laws of Florida created two statutes that are relevant to the issue before this court. The first, section 489.113(2) provides:

*1037 (2) No person who is not certified or registered shall engage in the business of contracting in this state. However, for purposes of complying with the provisions of this chapter, a person who is not certified or registered may perform construction work under the supervision of a person who is certified or registered, provided that the work is within the scope of the supervisor's license and provided that the person being supervised is not engaged in construction work which would require a license as a contractor under any of the categories listed in s. 489.105(3)(d)-(o). This subsection does not affect the application of any local construction licensing ordinances.
Specialty contractors are not among those required to obtain registration or certification pursuant to sections 489.105(3)(d)-(o) and the last sentence of section 489.113(2) that assures freedom of impact on local licensing is limited in application to that particular subsection.
Although section 489.113(2) appears to encompass all contractors and does not specifically mention specialty contractors, the second statute, section 489.117(4)(e), commonly referred to as the Jim Walter Exemption, specifically applies to specialty contractors and creates a limited exception from local licensing as long as supervision exists by a certified or registered building contractor and construction is being performed on single family residences or townhouses.[2] The statute provides:
Any person who is not required to obtain registration or certification pursuant to s. 489.105(3)(d)-(o) may perform specialty contracting services for the construction, remodeling, repair, or improvement of single-family residences without obtaining a local professional license if such person is under the supervision of a certified or registered general, building, or residential contractor.
We conclude that although section 489.113(2) provides the general authority for a county to impose local licensing requirements for specialty contractors who are not certified by the state, section 489.117(4)(e) provides a very narrow exception to that authority by exempting a certain limited class of un-licensed workers who are otherwise capable of providing specialty contracting services. Because section 489.117(4)(e) follows section 489.113(2) in chapter 93-154 and is more specific regarding licensing requirements for workers performing specialty contracting services, section 489.117(4)(e) controls. See Maggio v. Florida Dept. of Labor and Employment Security, 899 So.2d 1074 (Fla.2005) (noting that a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms); S.S.M. v. State, 898 So.2d 84 (Fla. 5th DCA 2004) (noting that if statutes are inconsistent or conflict, the last expression of legislative intent, in point of time or order, prevails); see also Op. Atty. Gen., 2001-25, March 28, 2001 (finding that pursuant to section 489.117(4)(e) a county may not require local certification of drywall installers in single family residences when the installers are working under the supervision of a certified or registered general, building, or residential contractor).
The County asserts that section 489.131(4) provides an exemption to section 489.117(4)(e) and authorizes the County to impose local license requirements on all non-certified construction workers performing work in the County. As a preliminary matter section 489.117(4)(e) also follows section 489.131(4) in point of order *1038 and our foregoing reconciliation of 489.117(4)(e) with section 489.113(2) is also applicable to 489.131(4).
Section 489.131(4) provides:
Nothing in this part shall be construed to waive any requirement of any ordinance or resolution existing on October 1, 1979, of a board of county commissioners regulating the type of work required to be performed by a specialty contractor.
The County insists that licensing is a form of regulation and the statute renders its ordinance enforceable. However, when the statute is read in conjunction with other sections of the chapter, its purpose becomes considerably more clear allowing us to resolve what would at first appear to be a conflict with the exemption provided by 489.117(4)(e). For example, section 489.113 places restrictions on the type of work that may be performed by contractors and lists specific types of construction work that must be subcontracted to a specialist. It appears more likely to us that unlike 489.117(4)(e) the absence of any specific reference to licenses indicates that 489.131(4) was enacted to permit a county to maintain control over the type of work that may be performed by specialty contractors, and is not in conflict with 489.117(4)(e).
We find that sections 489.113(2) and 489.131(4) do not eliminate the 489.117(4)(e) limited exemption from local licensing, and the portion of the County's ordinance requiring all non-certified contractors to obtain a local license conflicts with state law. See Metropolitan Dade County v. Chase Federal Housing Corp., 737 So.2d 494 (Fla.1999) (noting that ordinances are inferior to state law and must fail when conflict arises); City of Miami v. Wellman, 875 So.2d 635 (Fla. 3d DCA 2004) (noting that if there is any doubt as to the extent of a power attempted to be exercised by ordinance which may affect the operation of a state statute, the doubt is to be resolved against the ordinance and in favor of the statute).
Unfortunately, we do not know whether Appellants fall within the 489.117(4)(e) exemption because we do not know whether they perform specialty contracting services for the construction, remodeling, repair, or improvement of single-family residences or townhouses under the supervision of a certified or registered general, building, or residential contractor. To the extent that they are able to demonstrate to the trial court upon remand that they fall within the limited exemption, the County has impermissibly attempted to pre-empt the state statutes by requiring local licensure.
We affirm the order denying the motion for temporary injunction, but remand for expedited proceedings consistent with this opinion.
AFFIRMED and REMANDED.
THOMPSON and PALMER, JJ., concur.
NOTES
[1] The ordinance listed specialty contractors as a type of craftsman requiring a license. Specialty contractors are identified as those craftsmen who engage in painting, flooring, plastering, lathing and dry wall, terrazzo, tile and marble carpentry, cabinet and millwork, acoustical installations, gunite and sand blasting, awning and aluminum erection, glass and glazing, and septic tanks.
[2] Section 5 of Chapter 03-257 added "town-houses" to the exemption.