Dear Ms. Bosch:
On behalf of the Flagler County Board of County Commissioners, you ask the following question:
May the county provide for a partial opt-out of the provisions of section 316.2123, Florida Statutes?
Chapter 316, Florida Statutes, the Florida Uniform Traffic Control Law, was enacted to eliminate the "hodgepodge of ordinances which vary as to language and penalty"[1] and "to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities."[2] While the Legislature has recognized that there may be conditions requiring local regulation, it has specified those instances in which local governments could regulate.[3] Section 316.002, Florida Statutes, provides that "[i]t is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of this chapter." Section316.007, Florida Statutes, states that the provisions of Chapter 316
"shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein, and no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized. However, this section shall not prevent any local authority from enacting an ordinance when such enactment is necessary to vest jurisdiction of violation of this chapter in the local court."
This office has concluded that absent express authorization under the Florida Uniform Traffic Control Law, Chapter 316 constitutes a prohibition on local legislation on the subjects of traffic control or enforcement.[4]
Section 316.2074, Florida Statutes, regulates the use of all-terrain vehicles.[5] The statute, however, does not recognize the authority of local governments to regulate the operation of all-terrain vehicles. Rather, subsection (5) of the statute provides that except as provided in this section or as otherwise permitted by the managing state or federal agency, an all-terrain vehicle may not be operated upon the public roads, streets, or highways of this state.[6] Thus, in Attorney General Opinion 04-39, this office stated that while a municipality was authorized to regulate the recreational use of all-terrain vehicles on municipal property, it was precluded from regulating the use of these vehicles on streets and highways by the operation of section 316.2074, Florida Statutes, which limits such regulation to state and federal agencies.
In 2006, the Legislature enacted section 316.2123, Florida Statutes,[7] which provides:
"(1) The operation of an ATV, as defined in s. 317.0003,[8] upon the public roads or streets of this state is prohibited, except that an ATV may be operated during the daytime on an unpaved roadway[9] where the posted speed limit is less than 35 miles per hour by a licensed driver or by a minor under the supervision of a licensed driver. The operator must provide proof of ownership pursuant to chapter 317 upon request by a law enforcement officer.
(2) A county is exempt from this section if the governing body of the county, by majority vote, following a noticed public hearing, votes to exempt the county from this section."
Thus, section 316.2123, Florida Statutes, creates a limited exception to the prohibition in section 316.2074, Florida Statutes, for use of ATVs on public roads, by permitting the use of such vehicles during the daytime on unpaved roadways where the speed limit is less than 35 miles per hour by a licensed driver or a minor under the supervision of a licensed driver. A county is permitted to exempt itself from the statute.
Where the Legislature has prescribed the manner in which something is to be done, it effectively operates as a prohibition against its being done in any other manner.[10] Prior to the enactment of section316.2123, Florida Statutes, counties had no authority to permit the operation of ATVs on the streets and highways of this state. The intent of the Legislature in enacting section 316.2123 appears to have been to permit the limited use of ATVs during daylight hours on certain roadways by licensed drivers or minors under the supervision of a licensed driver, and to allow a county to exempt itself from such an authorization.[11] In such a case, the provisions of section 316.2074, Florida Statutes, would prohibit the use of ATVs on the public roads and highways. I have found nothing in either the language of the statute or in the legislative history surrounding the enactment of section 316.2123
which permits a county to partially opt-out of the statute or otherwise grants the county authority to regulate in this area.
Accordingly, I am of the opinion that the county may not partially opt-out of the provisions of section 316.2123, Florida Statutes.
Sincerely,
 Bill McCollum, Attorney General
BM/tjw
[1] See Preamble to Ch. 71-135, Laws of Florida, creating Ch. 316, Fla. Stat.
[2] Section 316.002, Fla. Stat., setting forth the Legislature's intent in adopting Chapter 316, Fla. Stat. And see s. 316.001, Fla. Stat., providing the short title for the act.
[3] See s. 316.008, Fla. Stat., which enumerates the areas in which local authorities may regulate.
[4] See, e.g., Ops. Att'y Gen. Fla. 03-58 (2003), 2001-06 (2001), 98-62 (1998) and 98-15 (1998).
[5] See s. 316.2074(2), Fla. Stat., defining "all-terrain vehicle" for purposes of the statute as
"any motorized off-highway vehicle 50 inches or less in width, having a dry weight of 900 pounds or less, designed to travel on three or more low-pressure tires, having a seat designed to be straddled by the operator and handlebars for steering control, and intended for use by a single operator with no passenger. For the purposes of this section, `all-terrain vehicle' also includes any `two-rider ATV' as defined in s. 317.0003."
[6] See s. 316.2074(6) and (7), Fla. Stat., respectively providing:
"(6) An all-terrain vehicle having four wheels may be used by police officers on public beaches designated as public roadways for the purpose of enforcing the traffic laws of the state. All-terrain vehicles may also be used by the police to travel on public roadways within 5 miles of beach access only when getting to and from the beach.
(7) An all-terrain vehicle having four wheels may be used by law enforcement officers on public roads within public lands while in the course and scope of their duties."
And see s. 316.003(53), Fla. Stat., defining "street or highway."
[7] See s. 14, ch. 2006-290, Laws of Florida.
[8] See s. 317.0003(1), Fla. Stat., defining "ATV" as "any motorized off-highway or all-terrain vehicle 50 inches or less in width, having a dry weight of 900 pounds or less, designed to travel on three or more low-pressure tires, having a seat designed to be straddled by the operator and handlebars for steering control, and intended for use by a single operator and with no passenger." The definition is substantially the same as that contained in s. 316.2074(2), Fla. Stat. See n. 5,supra.
[9] See s. 316.003(42), Fla. Stat., defining "Roadway" as "[t]hat portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two or more separate roadways, the term `roadway' as used herein refers to any such roadway separately, but not to all such roadways collectively."
[10] See Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944);Dobbs v. Sea Isle Hotel, 56 So. 2d 341, 342 (Fla. 1952); Thayer v.State, 335 So. 2d 815, 817 (Fla. 1976). And see Metropolitan Dade Countyv. Chase Federal Housing Corp., 737 So. 2d 494 (Fla. 1999) (ordinances are inferior to state law and must fail when conflict arises);Campbell v. Monroe County, 426 So. 2d 1158, 1161 (Fla. 3d DCA 1983) (if any doubt exists as to whether there is a conflict between state and local legislation, doubt is to be resolved against the ordinance in favor of the statute); Florida Home Builders Association v. St. JohnsCounty, 914 So. 2d 1035 (Fla. 5th DCA 2005).
[11] See House of Representative Staff Analysis on CS/HB 7079 (enacted as Ch. 06-290, Laws of Fla.) dated April 26, 2006, stating that the bill "[a]llows All-Terrain Vehicles (ATV's) to be operated by a licensed driver or a minor under the supervision of a licensed driver on un-paved roadways where the posted speed limit is less than 35 mph[.]" Andsee Senate Staff Analysis and Economic Impact Statement on CS/CS/SB 1742 (similar bill to CS/HB 7079) dated April 24, 2006, stating that the bill
"creates s. 316.2123, F.S., to allow `ATV's' to be operated during the daytime by a licensed driver or a minor under the supervision of a licensed driver on un-paved roadways where the posted speed limit is less than 35 mph. The drivers are required to provide proof of ownership if requested by law enforcement. However, this CS authorizes counties to exempt themselves from the provisions contained in s. 316.2123, F.S."