' PER CURIAM.
Appellants seek review of an interlocutory order granting appellee’s motion for class certification. We have jurisdiction. Art. V, § 4(b)(1), Fla. Const, (granting to district courts of appeal jurisdiction to “review interlocutory orders ... to the extent provided by rules adopted by the supreme court”); Fla. R.App. P. 9.130(a)(3)(C)(vi) (providing for appeal to the district courts of appeal of non-final orders that “determine ... that a class should be certified”). Because the order fails to “separately state the findings of fact ... upon which the determination [wa]s based” as required by Florida Rule of Civil Procedure 1.220(d)(1), we reverse and remand with directions that the trial court comply with that provision. See, e.g., Seminole County v. Tivoli Orlando Assocs., Ltd., 920 So.2d 818, 824 (Fla. 5th DCA 2006); Ford Motor Co. v. Morris, 904 So.2d 612, 613 (Fla. 1st DCA 2005); City of Tampa v. McAfee, 896 So.2d 943, 946 (Fla. 2d DCA 2005). On remand, the trial court shall also rule on appellants’ contention that appellee lacks standing, and provide an explanation of the rationale on which its decision is based, to permit intelligent review of the determination.
REVERSED and REMANDED, with directions.
ALLEN, WEBSTER, and ROBERTS, JJ., concur.